UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Curtis Holder and Vincent Vanleuven** individually and on behalf of all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>**FedEx Ground Package System, Inc.**<br>Defendant. | Case No.   7:23-7483<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Named Plaintiffs Curtis Holder and Vincent Vanleuven, individually and on behalf of all other similarly situated current and former employees of Defendant FedEx Ground Package System, Inc., ("FedEx"), bring this Collective and Class Action against Defendant and allege as follows:

### OVERVIEW

1. Curtis Holder and Vincent Vanleuven ("Named Plaintiffs") bring claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* to recover unpaid minimum wages and overtime compensation. They bring these claims as a collective action on behalf of themselves and all current or former drivers ("drivers") employed by FedEx within the three (3) years preceding the filing of a consent to sue.

2. Named Plaintiffs also bring claims under New York's wage-and-hour laws, including New York Labor Law ("NYLL") Articles 6 and 19 and their implementing regulations, including Section § 142-2.2, Overtime Rates, of the New York Department of Labor Minimum Wage Order for Miscellaneous Industries and Occupations, both individually and as a class action pursuant to Fed. R. Civ. P. 23 ("New York Class") for FedEx's failure to pay overtime wages for all hours worked, under NYLL § 650 *et seq*, for failure

1

to pay minimum wages, failure to pay spread of hours, wage notice, and wage statement violations.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States. Specifically, this collective action is brought under 29 U.S.C. § 216(b) of the FLSA.

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1337 because the claims arise under federal laws regulating commerce.

5. The Court also has subject matter jurisdiction over this case pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). Plaintiffs seek class action certification in which at least one member of the class is a citizen of a state different from FedEx, the amount in controversy exceeds $5 million exclusive of interest and costs, and the proposed class contains more than 100 members. Plaintiffs are citizens of New York, and pursuant to 28 U.S.C. § 1332(d)(10), FedEx is organized under the laws of Delaware with its principal place of business in or around Pittsburgh, Pennsylvania.

6. This Court has supplemental jurisdiction over the New York state law claims by virtue of 28 U.S.C. § 1367, including § 1367(a).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Named Plaintiffs worked for FedEx in this District, the cause of action arose in this District, many Plaintiffs reside in this District.

## PARTIES

**Plaintiffs**

8. Vanleuven worked for FedEx as a delivery driver from approximately 2020 until 2022.

9. Vanleuven worked for FedEx in New York, including in Montgomery, New York.

10. Vanleuven's consent to sue is attached to this complaint.

11. Vanleuven is a resident of Kerhonkson, New York.

12. Holder worked for FedEx as a delivery driver from approximately 2020 until 2022.

13. Holder worked for FedEx in New York, including in and around Newburgh, New York.

14. Holder's consent to sue is attached to this complaint.

15. Holder is a resident of Newburgh, New York.

16. The term "Plaintiffs" as used in this complaint refers to the Named Plaintiffs and any and all putative FLSA Class or New York Class Member, as defined below.

**Defendant**

17. FedEx is a leading North American provider of small-package ground delivery services. FedEx provides low-cost, day-certain service to any business address in the U.S. and Canada, as well as residential delivery to U.S. residences through its FedEx Home Delivery service.

18. FedEx's parent company is FedEx Corporation.

19. FedEx Corporation is a publicly traded company on the New York Stock Exchange.

20. FedEx Corporation was incorporated in Delaware on October 2, 1997.

21. FedEx is headquartered in the Pittsburgh, Pennsylvania area.

22. FedEx is in the business of picking up and delivering packages throughout New York State, including in this District.

## FLSA COVERAGE

23. At all times hereinafter mentioned, FedEx is and has been an employer within the meaning of 29 U.S.C. § 203(d).

24. At all times hereinafter mentioned, FedEx is and has been an enterprise within the meaning of 29 U.S.C. § 203(r).

25. At all times hereinafter mentioned, FedEx has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

26. At all times hereinafter mentioned, Plaintiffs were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

## FACTS

27. Throughout the years, FedEx has sought to evade the Federal and New York state wage and hour laws. For many years, FedEx classified delivery drivers as independent contractors. After numerous lawsuits, including one by the New York State Attorney General, in approximately 2016 FedEx changed its business model and employed delivery drivers through intermediary employers called "independent service providers" or ISPs.

28. Through approximately 6,000 ISPs, FedEx—on a nationwide basis—employs approximately 60,000 delivery drivers.

29. Upon information and belief, via the ISPs, FedEx employed thousands of delivery drivers in New York over the last six years.

30. The ISPs are an integral part of FedEx's business because they deliver FedEx's customers' packages, which is the business FedEx is in.

31. Upon information and belief, the ISPs and the delivery drivers do not deliver packages for any other competitors.

32. Upon information and belief, FedEx requires the ISPs to sign contracts to deliver FedEx's packages, and the contracts dictate the terms of delivering the packages and the relationship with FedEx.

33. Although FedEx did not directly pay Plaintiffs, FedEx is liable to Plaintiffs under the FLSA and NYLL because as a matter of economic realities it employed Plaintiffs.

34. Because Plaintiffs delivered FedEx packages, Plaintiffs relied on FedEx for their income.

35. Upon information and belief, starting in approximately 2020, FedEx required each ISP to service a minimum of five routes or 500 stops per day. The ISP assigns a delivery driver to service each FedEx route.

36. Upon information and belief, FedEx established the standards for ISPs to employ delivery drivers. For example, when the ISP hires a delivery driver to service the FedEx route, FedEx conducts background checks on each new hire and subjects them to random drug tests. If the new hires fail the background check or drug test, FedEx prohibits the new hires from delivering packages, and this effectively terminates their employment.

37. Upon information and belief, FedEx restricted Plaintiffs from other work opportunities, which included a prohibition of delivery drivers from delivering packages for competitors.

38. Upon information and belief, FedEx retains the right and authority to terminate delivery drivers from delivering packages.

39. Upon information and belief, FedEx required ISPs to comply with state and federal wage and hour laws.

40. Upon information and belief, the ISPs, on FedEx's behalf, maintain employment records of Plaintiffs. FedEx conducts wage and hour assessments of the ISPs, which includes reviewing payroll, timekeeping, employment records, and tax information. If the ISP is out of compliance with FedEx's standards and requirements, FedEx may address the problem with the ISP or it may potentially terminate the agreement.

41. To begin their days, Plaintiffs reported to FedEx terminals in New York. Some of those terminals are located in or around: Bethpage, Bohemia, Brooklyn, Buffalo, Cheektowaga, East Elmhurst, Henrietta, Holbrook, Horseheads, Long Island City, Montgomery, Newburgh, Queens, Rensselaer, and Syracuse.

42. FedEx employees sort the FedEx packages for each route. Plaintiffs then scan the packages with their FedEx issued scanners and load their assigned trucks with the packages.

43. While in the terminal and throughout the workday, FedEx supervised Plaintiffs' work.

44. FedEx required Plaintiffs to attend meetings in the distribution center, which were led by FedEx employees.

45. Throughout the day, FedEx tracked and monitored Plaintiffs' work and activities. This included: the number of stops delivered, the hours Plaintiffs drove in a day, the hours Plaintiffs logged working via their scanner, the miles Plaintiffs drove in a day, how many stops Plaintiffs made in a hour, the number of FedEx packages Plaintiffs delivered in a day, the hours Plaintiffs drove in a week, and the total stops per hour on a weekly basis.

46. Upon information and belief, Plaintiffs drove vehicles that contained FedEx coloring and FedEx's logos.

47. Plaintiffs wore various items with FedEx coloring and identification, including identification badges, and uniforms such as jackets, shirts, and hats.

48. When Plaintiffs had issues or questions regarding the delivery of packages, Plaintiffs often communicated and coordinated with FedEx employees.

49. Plaintiffs used a scanner to record that they delivered packages to customers, when they departed the distribution center, and when they returned at the end of their workday.

50. When customers had questions or concerns about the delivery, Plaintiffs instructed the customers to contact FedEx.

51. In some workweeks, Plaintiffs drove vehicles with a gross vehicle weight rating of less than 10,001 pounds, and they worked more than 40 hours in a workweek without premium overtime compensation.

52. In some workweeks, Named Plaintiffs Vanleuven and Holder drove a Ford van or Dodge Promaster which had a gross motor vehicle weight rating of less than 10,001 pounds.

53. FedEx, via its ISPs, regularly scheduled Plaintiffs to work five or more days in a workweek.

54. Plaintiffs regularly worked more than 40 hours in a workweek.

55. Plaintiff Vanleuven regularly worked approximately 12 to 14 hours a day, six days a week. As a result, he worked an average of approximately 78 hours a week.

56. Plaintiff Vanleuven was paid $1,000 for working six days in a workweek.

57. As a result of working long hours—approximately 78 hours—in a 6-day workweek, Plaintiff Vanleuven was paid an effective hourly rate of $12.82, which is less than the New York State minimum wage in 2021 and 2022.

58. Plaintiff Holder regularly worked approximately 12 to 13 hours a day, six days a week. As a result, he worked an average of approximately 76 hours a week.

59. Plaintiff Holder was paid $140 per day until approximately August 2021. He received an additional $40 for working on a Sunday.

60. As a result of working long hours—approximately 76 hours—in a 6-day workweek, Plaintiff Holder was paid an effective hourly rate of $11.57, which is less than the New York State minimum wage in 2020 and 2021.

61. When Plaintiffs worked more than 40 hours in a workweek, FedEx did not pay premium overtime wages under the FLSA or New York Labor Law.

62. When Plaintiffs Holder and Vanleuven drove a vehicle with a gross motor vehicle weight rating of less than 10,001 pounds, and worked more than 40 hours in a week, FedEx did not pay them premium overtime wages.

63. As a result of the hours Plaintiffs worked, and the pay they received, Plaintiffs received the minimum wage or less.

64. Plaintiffs regularly worked more than 10 hours in a day, did not receive more than the minimum wage for each hour worked, and did not receive an extra hour of compensation at the minimum wage.

65. FedEx did not track all of the hours Plaintiffs worked.

66. FedEx knew or should have known that Plaintiffs, including the Named Plaintiffs, worked long workweeks loading delivery vehicles, delivering packages, and completing paperwork.

67. Upon information and belief, other current and former delivery drivers of FedEx, including opt-ins, were subject to the same payroll practices described above.

68. Upon information and belief, FedEx did not provide Plaintiffs with a way to accurately report their hours worked.

69. FedEx suffered or permitted Plaintiffs to work long workdays.

70. The wage statements provided to Plaintiffs did not list the accurate number of hours worked.

71. The wage statements that provided to Plaintiffs did not list the accurate wages Plaintiffs earned.

72. As a result of the inaccurate wage statements, Plaintiffs have lost income.

73. FedEx willfully violated the FLSA.

74. FedEx knows that it must comply with the FLSA and state wage and hour laws.

75. FedEx has attempted over many years to avoid the mandates of the FLSA and state wage and hour laws, including by classifying delivery drivers as independent contractors.

76. FedEx has been sued many times for wage and hour violations, including for its failure to classify its delivery drivers as employees.

77. Upon information and belief, before approximately 2016, FedEx employed some delivery drivers and paid them by the hour. Then in approximately 2016 it required delivery drivers to be paid via the ISPs.

78. FedEx's latest attempt to avoid liability under the FLSA is to use ISPs to employ delivery drivers.

79. FedEx knew or should have known that delivery drivers drove vehicles with a gross motor vehicle weight rating of less than 10,001 pounds.

80. FedEx knew or should have known that driving a vehicle with a gross motor vehicle weight rating of less than 10,001 pounds required it, and the ISPs, to pay premium overtime wages to Plaintiffs.

81. FedEx knew or should have known that delivery drivers worked long hours, and did not receive the minimum wage for each hour worked.

## COLLECTIVE ACTION DEFINITION

82. The Named Plaintiffs bring this case as a collective action under 29 U.S.C. § 216(b), comprised of:

    > All current or former delivery drivers who delivered FedEx packages for FedEx in New York within the three years preceding the filing of a consent to sue. ("FLSA Class Members").

83. Excluded from the FLSA Class for unpaid overtime wages are those class members whose FLSA claims are pending in another lawsuit.

84. The Named Plaintiffs and the FLSA Class Members work or have worked for FedEx and have been subjected to FedEx's policy and pattern or practice of failing to pay minimum wages for all hours worked in a workweek, and for failing to pay all overtime wages for all hours worked in excess of 40 hours per week.

85. Plaintiffs' claim for minimum and overtime wages is similar to the claim of other FLSA Class Members and their claims depend on similar factual and legal questions including, but not limited to, whether FedEx employed Plaintiffs; whether FedEx knew or should have known that Plaintiffs and the FLSA Class Members worked more than 40 hours in a

workweek; whether Plaintiffs and the FLSA Class Members drove a vehicle with a gross motor vehicle weight rating of less than 10,001 pounds; whether FedEx failed and/or refused to pay Plaintiffs and the FLSA Class Members overtime wages for all hours worked over 40 in a workweek; whether FedEx failed to pay FLSA Class Members a minimum wage for each hour worked; and whether FedEx's violations were willful.

86. There are numerous similarly situated employees who have been underpaid and injured in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join it. Those similarly situated employees are known to FedEx, are readily identifiable, and can be located through FedEx's records. Notice should be sent to the FLSA Class pursuant to 29 U.S.C. § 216(b).

## RULE 23 NEW YORK CLASS ACTION DEFINITION

87. The Named Plaintiffs seek to certify a New York Class of similarly situated employees under Fed. R. Civ. P. 23. The New York Class is defined as:

> All current or former FedEx delivery drivers employed in New York, who worked more than 40 hours in a workweek at any time since six years prior to filing of complaint. ("New York Class Members").

88. Upon information and belief, the New York Class is composed of more than 40 individuals.

89. The Named Plaintiffs and the New York Class Members work or have worked for FedEx as delivery drivers and have been subjected to FedEx's policy and pattern or practice of failing to pay for minimum wages and/or all overtime wages for hours worked in excess of 40 hours per week; failing to pay spread of hours pay; failing to provide wage notice; and failing to provide accurate wage statements.

90. FedEx acted and refused to act on grounds generally applicable to the New York Class Members, thereby making declaratory relief with respect to the New York Class appropriate.

91. There are questions of law and fact common to the New York Class including but not limited to:

    a. whether FedEx employed the New York Class Members;

    b. whether the NYLL requires FedEx to pay the New York Class Members overtime wages;

    c. whether the NYLL requires FedEx to pay the New York Class Members minimum wages;

    d. whether FedEx failed and/or refused to pay the New York Class Members overtime pay for all hours worked in excess of 40 hours per workweek;

    e. whether FedEx correctly calculated and compensated the New York Class Members for hours worked in excess of 40 per workweek;

    f. whether FedEx paid New York Class Members the New York State minimum wage for each hour worked;

    g. whether FedEx failed to keep true and accurate time records for all hours worked by the New York Class Members;

    h. the nature and extent of New York Class-wide injury and the appropriate measure of damages for the New York Class Members;

    i. whether FedEx failed to pay spread of hours pay;

    j. whether FedEx failed to provide notice of pay rates;

      k. whether FedEx failed to provide accurate wage statements that reflected the accurate number of hours that the New York Class Members worked; and

      l. whether FedEx failed to provide accurate wage statements that reflected the accurate pay the New York Class Members earned.

92. The claims of the Named Plaintiffs are typical of the claims of the New York Class they seek to represent.

93. The Named Plaintiffs and the New York Class Members work or have worked for FedEx as delivery drivers and have been subjected to its policy and pattern or practice of failing to pay for minimum and overtime wages for hours worked in excess of 40 hours per week. FedEx acted and refused to act on grounds generally applicable to the New York Class Members, thereby making declaratory relief with respect to the New York Class Members appropriate.

94. The Named Plaintiffs will fairly and adequately represent and protect the interests of the New York Class Members.

      a. The Named Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the New York Class Members to represent their interests fairly and adequately.

      b. The Named Plaintiffs recognize that as class representatives, they must represent and consider the interests of the New York Class Members just as they would represent and consider their own interests.

      c. The Named Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over those of the New York Class Members.

    d. The Named Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the New York Class Members.

    e. The Named Plaintiffs understand that in order to provide adequate representation, they must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

95. The Named Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

96. A class action is superior to other available methods for the fair and efficient adjudication of this litigation - particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The New York Class Members have been damaged and are entitled to recovery as a result of FedEx's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of each class are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

**FIRST CAUSE OF ACTION**
**(FAIR LABOR STANDARDS ACT: UNPAID OVERTIME WAGES)**

97. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

98. FedEx failed to pay overtime wages to the Named Plaintiffs and the FLSA Class Members for all hours worked over forty (40) in a workweek as required by the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and its implementing regulations.

99. FedEx's failure to pay proper overtime wages for each hour worked over 40 per week was willful within the meaning of the FLSA.

100. FedEx's failure to comply with the FLSA overtime protections caused the Named Plaintiffs and the FLSA Class Members to suffer loss of wages and interest thereon, and they are entitled to recovery of unpaid overtime wages, liquidated damages, prejudgment interest, attorneys' fees, costs, and any other compensation pursuant to 29 U.S.C. § 201, *et seq*.

## SECOND CAUSE OF ACTION
## (FAIR LABOR STANDARDS ACT: UNPAID MINIMUM WAGES)

101. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

102. FedEx failed to pay to the Named Plaintiffs and the FLSA Class Members minimum wages for all hours worked in a workweek as required by the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and its implementing regulations.

103. FedEx's failure to pay minimum wages for each hour worked was willful within the meaning of the FLSA.

104. FedEx's failure to comply with the FLSA minimum wage protections caused the Named Plaintiffs and the FLSA Class Members to suffer loss of wages and interest thereon, and they are entitled to recovery of unpaid minimum wages, liquidated damages, prejudgment interest, attorneys' fees, costs, and any other compensation pursuant to 29 U.S.C. § 201, *et seq*.

## THIRD CAUSE OF ACTION
### (NEW YORK LABOR LAW, ARTICLES 6 AND 19: UNPAID OVERTIME WAGES)

105. The Named Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

106. FedEx failed to pay the Named Plaintiffs and New York Class Members wages for the overtime wages for hours worked over 40 in a workweek as required by NYLL, Article 6, § 190, *et seq.*, Article 19, § 650, *et seq.*, and 12 NYCRR § 142-2.2.

107. FedEx's failure to comply with New York wage-and-hour protections caused the Named Plaintiffs and New York Class Members to suffer loss of wages and interest thereon.

## FOURTH CAUSE OF ACTION
### (NEW YORK LABOR LAW, ARTICLE 19: UNPAID MINIMUM WAGES)

108. The Named Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

109. FedEx failed to pay the Named Plaintiffs and New York Class Members' wages minimum wages for hours worked over 40 in a workweek as required by NYLL, Article 19, § 650, *et seq.*

110. FedEx's failure to comply with New York wage-and-hour protections caused the Named Plaintiffs and New York Class Members to suffer loss of wages and interest thereon.

## FIFTH CAUSE OF ACTION: UNPAID NEW YORK SPREAD OF HOURS PAY
### (12 N.Y.C.R.R. § 142-2.4: On behalf of the Named Plaintiffs and the New York Class)

111. The Named Plaintiffs and the New York Class Members were required to work in excess of ten (10) hours a day without being compensated for the legally mandated spread of hours pay. This practice is in violation of 12 N.Y.C.R.R. § 142-2.4.

112. FedEx's failure to pay spread of hours pay was willful.

113. By reason of the foregoing FedEx is liable to the Named Plaintiffs and the New York Class Members in an amount to be determined at trial, plus costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
## (NEW YORK NOTICE UPON HIRING)

114. New York Labor Law § 195(1)(a) requires FedEx to provide Plaintiffs, in writing in English and in the language identified by each member of the New York class as their primary language, at the time of hiring, a notice containing specific enumerated criteria, including the regular hourly rate and overtime rate of pay; and to obtain from the New York Plaintiffs a signed and dated written acknowledgement, in English and in their primary language, of receipt of such notice.

115. FedEx did not provide notice upon hiring to the New York Plaintiffs as required by New York Labor Law § 195(1)(a).

116. FedEx has engaged in a widespread pattern, policy, and practice of violating the New York Labor Law Article 6 requirement to provide notice upon hiring as detailed in this Class and Collective Action Complaint.

117. By reason of the foregoing, FedEx is liable to Named Plaintiffs and the New York Class for statutory damages as provided by New York Labor Law § 198(1-b) in an amount to be determined at trial, plus costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION: NEW YORK WAGE STATEMENTS
**(New York Labor Law Article 6, § 195 (3): On behalf of the Named Plaintiffs and the New York Class)**

118. New York Labor Law § 195(3) requires that employers furnish non-exempt employees such as the Named Plaintiffs and the New York Class Members with a statement with every payment of wages listing their regular hourly rate or rates of pay; their overtime

17

rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

119. FedEx has engaged in a widespread pattern, policy, and practice of violating New York Labor Law § 195(3) requirement to provide accurate wage statements as detailed in this Class and Collective Action Complaint.

120. FedEx's failure to comply with New York Labor Law § 195(3) was willful.

121. By reason of the foregoing, FedEx is liable to the Named Plaintiffs and the New York Class Members in an amount to be determined at trial, plus costs and attorneys' fees.

## RELIEF SOUGHT

**WHEREFORE**, the Named Plaintiffs pray for judgment against FedEx as follows:

1. For an Order recognizing this proceeding as a collective action under § 216(b) of the FLSA and ordering notice to the FLSA Class Members at the earliest opportunity to ensure class their claims are not lost to the FLSA statute of limitations;

2. For an Order finding FedEx liable for unpaid back minimum and overtime wages due to the Named Plaintiffs and the FLSA Class Members and for liquidated damages equal in amount to the unpaid compensation found due Plaintiffs under the FLSA;

3. For an Order awarding the Named Plaintiffs and the FLSA Class Members the costs of this action as provided under the FLSA;

4. For an Order awarding the Named Plaintiffs and the FLSA Class Members their attorneys' fees as provided under the FLSA;

5. For an Order awarding the Named Plaintiffs and the FLSA Class Members pre-judgment and post-judgment interest at the highest rates allowed by law; and

6. With respect to the New York Class:

    a.    Certifying this action as a class action;

    b.    Designating the Named Plaintiffs as the Class Representatives;

    c.    Declaring that the practices complained of herein are unlawful under New York state law;

    d.    Appointing the undersigned as class counsel;

    e.    Ordering appropriate equitable and injunctive relief to remedy FedEx's violations of state law, including but not necessarily limited to an order enjoining FedEx from continuing its unlawful practices;

    f.    Awarding damages, liquidated damages, appropriate statutory penalties, and restitution to be paid by FedEx according to proof;

    g.    Awarding pre-judgment and post-judgment interest, as provided by law;

    h.    Ordering such other injunctive and equitable relief as the Court may deem just and proper; and

    i.    Awarding the Named Plaintiffs and the New York Class Members their attorneys' fees and costs of suit, including expert fees and costs.

7. For an Order granting such other and further relief as may be necessary and appropriate.

Dated:   August 23, 2022

                            Respectfully Submitted,

                            */s/ Matt Dunn*
                            Matt Dunn
                            GETMAN, SWEENEY & DUNN, PLLC
                            260 Fair Street
                            Kingston, NY 12401
                            Tel: (845) 255-9370
                            Fax: (845) 255-8649
                            Email: mdunn@getmansweeney.com

John DeGasperis<br>
BASCH & KEEGAN, LLP<br>
303 & 307 Clinton Ave.<br>
Kingston, NY 12401<br>
Tel: 845-338-8884<br>
Email: jad@baschkeegan.com