UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CURTIS HOLDER, et al., individually and on behalf of all other similarly situated persons,<br><br>      Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>      Defendant. | Case No. 7:23-CV-07483-CS |

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1.  Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales, or other confidential business information; (b) that contains private or confidential personal information; (c) that contains information received in confidence from third parties; or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(l)(G) of the Federal Rules of Civil Procedure. Any party to this litigation, or any non-party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO STIPULATED PROTECTIVE ORDER" (hereinafter "Confidential").

2.  Any party to this litigation and any non-party shall have the right to designate information as "Confidential – For Attorneys' Eyes Only." This designation shall be reserved for the following information, if such information requires heightened protection to prevent a high likelihood of competitive injury or other recognizable harm, which cannot be prevented through less restrictive means: (1) due to confidentiality provisions in its agreements with its Service Providers, payroll and pay rate information provided to FedEx Ground by Service Providers in the course of business if produced by FedEx Ground (i.e., not if produced by the Service Provider), and (2) if produced by either FedEx Ground or a Service Provider, payments between FedEx Ground and Service Providers, including negotiated payment amounts in contractual addenda and weekly settlement statements, because the public disclosure of this information

might place FedEx Ground or Service Providers at a competitive disadvantage. Any party to this litigation, or any non-party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY - SUBJECT TO STIPULATED PROTECTIVE ORDER" (hereinafter "Attorneys' Eyes Only").

3. All Confidential and Attorneys' Eyes Only material shall be used by the receiving party or their respective attorneys solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraphs 4 and 5, respectively, unless and until the restrictions herein are removed either by the producing party, written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to their client solely relating to the above-captioned action based on their evaluation of Confidential and Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the content of such Attorneys' Eyes Only material except by prior written agreement of counsel for the parties, or by Order of the Court.

4. Confidential material and the contents of such material may be disclosed only to the following individuals under the following conditions:

    a. Outside counsel (herein defined as any attorney at the parties' law firms retained in this action) and in-house counsel for the respective parties who have been assigned to work on this action as well as their respective secretarial, paralegal, clerical, duplicating, and data processing personnel;

2

b. Any deponent may be shown or examined on any information, document, or thing designated Confidential if it appears that the witness authored or received a copy of it;

c. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial, and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A.

d. Experts, consultants, contractors, or vendors retained to furnish technical or expert services specifically for this litigation or to give testimony in connection with this litigation, including independent experts hired specifically for this litigation, employees of such experts, and consultants hired specifically for this litigation, and employees or clerical assistants of such experts performing work in connection with this litigation, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

e. Judges and court personnel; certified court reporters acting as such; and in the event of any appeals of this action, the judges and court personnel of appellate courts;

f. Any designated mediator who is either assigned by the Court or appointed by the Parties to hear this matter, and his or her staff;

      g. Any person to whom disclosure is ordered by the Court;

      h. Any person to whom disclosure is agreed to by the Parties in writing or on the record;

      i. Witnesses that are directors, officers, or corporate designees of the Party designating the material as Confidential; or

      j. The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are participating in decisions with reference to this lawsuit.

5. Confidential material shall be used only by individuals permitted access to it under Paragraph 4. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual or entity, until and unless (a) the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure. The parties agree to address the presentation of confidential and Attorneys' Eyes Only material at trial during the final pretrial conference.

6. Material produced and marked as Attorneys' Eyes Only may be disclosed only to the following individuals under the following conditions:

      a. Outside counsel (herein defined as any attorney at the parties' law firms retained in this action) as well as their respective secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing;

      b. Outside experts or consultants retained by any of the parties for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

      c. The Court and court personnel;

d. Any deponent may be shown or examined on any information, document or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it;

e. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial, and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

f. Experts, consultants, contractors, or vendors retained to furnish technical or expert services specifically for this litigation or to give testimony in connection with this litigation, including independent experts hired specifically for this litigation, employees of such experts, and consultants hired specifically for this litigation, and employees or clerical assistants of such experts performing work in connection with this litigation, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

g. Judges and court personnel; certified court reporters acting as such; and in the event of any appeals of this action, the judges and court personnel of appellate courts;

h. Any designated mediator who is either assigned by the Court or appointed by the Parties to hear this matter, and his or her staff;

5

      i. Any person to whom disclosure is ordered by the Court;

      j. Any person to whom disclosure is agreed to by the Parties in writing or on the record; or

      k. Witnesses that are directors, officers, or corporate designees of the Party designating the material as "ATTORNEYS' EYES ONLY."

7. Attorneys' Eyes Only material shall be used only by individuals permitted access to it under this Paragraph 6. Attorneys' Eyes Only material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual or entity, until and unless (a) the party asserting Attorneys' Eyes Only waives that designation, or (b) the Court orders such disclosure.

8. All persons authorized to receive confidential information under this Order (other than the Court, counsel, jurors, and court reporters) shall be shown a copy of this Order. Counsel for the respective parties shall ensure that all such individuals agree to comply with this Order.

9. Any Party may designate as Confidential or Attorneys' Eyes Only all or portions of transcripts of pretrial testimony, provided that only those portions of the transcripts designated as Confidential or Attorneys' Eyes Only shall be deemed Confidential or Attorneys' Eyes Only, as appropriate. The transcripts of any such deposition or exhibit shall be marked by the court reporter as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Transcripts of depositions or other pretrial proceedings on the record, or exhibits thereto, containing Confidential or Attorneys' Eyes Only information may be preliminarily designated as such by making such designation either (i) by statement of counsel on the record at the deposition itself or at a subsequent deposition held prior to the written notice deadline contained in (ii) of this sentence, identifying the subject matter(s) designated as Confidential or Attorneys' Eyes Only, or (ii) by written notice, identifying the subject matter(s) designated as Confidential or Attorneys' Eyes

Only sent to counsel to all Parties within five days of the deposition. Subsequently, within 20 days after receipt of the transcript of the deposition or other pretrial testimony, a Party that has issued such a preliminary designation shall identify by page and line the specific testimony designated as Confidential or Attorneys' Eyes Only, by written notice sent by counsel to all Parties. Only those portions of the transcripts designated as Confidential or Attorneys' Eyes Only shall be deemed Confidential or Attorneys' Eyes Only, respectively. Where a preliminary Confidential or Attorneys' Eyes Only designation is requested by counsel on the record in the deposition or other pretrial testimony, or in writing within five days of the testimony, the Parties shall treat the those requested portions of the deposition transcript or exhibits as Confidential or Attorneys' Eyes Only as specified by counsel, until the time period for making page-by-page Confidential or Attorneys' Eyes Only designations has elapsed unless otherwise ordered by the court.

      10.    If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply. Counsel for the objecting party shall serve on the designating party or non-party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. As soon as practicable after the objection is made, counsel shall confer in good faith in an effort to resolve the dispute before any party or non-party files a motion relating to such designation. If a party challenges the Confidential or Attorneys' Eyes Only designation, the burden will be on the designating party to establish that the challenged information is Confidential or Attorneys' Eyes Only material within the meaning of this Protective Order.

11. Any document designated "Confidential" or "Attorneys' Eyes Only" by a party or non-party and which document is filed with the Court shall be filed under seal, in accordance with this Court's rules and practices.

12. If the need arises during trial or at any hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

13. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential or Attorneys' Eyes Only information that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's designation of Confidential or Attorneys' Eyes Only, either as to the specific information, document or thing disclosed. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Attorneys' Eyes Only. Such notice shall constitute a designation of the information, document or thing as Confidential or Attorneys' Eyes Only under this Stipulated Protective Order.

14. When the inadvertent or mistaken disclosure of any information, document, or thing protected by any applicable privilege or work product doctrine is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document, or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work product. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege.

15. The production of privileged or work-product protected documents, electronically stored information ("ESI"), or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

16. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, and segregation of privileged and protected information before production.

17. Any person responsible for making copies of confidential information must ensure that the copies adequately reflect the designation of confidentiality and are treated as such.

18. No information that is in the public domain or which is already known by the receiving party through proper means, or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Stipulated Protective Order.

19. This Stipulated Protective Order shall not deprive any party or non-party of its right to object to discovery by any other party or on any otherwise permitted ground. This Stipulated Protective Order is being entered without prejudice to the right of any party or non-party to move the Court for modification or for relief from any of its terms.

20. This Stipulated Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

21. Upon final conclusion of this action, each party, non-party or other individual subject to the terms hereof shall either (i) return the bates stamped documents or things that are marked Confidential, or (ii) destroy the bates stamped documents or things that are marked Confidential. Notwithstanding anything in this paragraph, counsel may retain any other documents or things that contain Confidential material, for archival purposes, subject to the provisions of this Stipulated Protective Order. The designating party shall provide a bates stamp list of all confidential documents or things to be returned or destroyed.

IT IS SO ORDERED.

Dated: 5/21/24

/s/ Cathy Seibel
The Honorable Cathy Seibel
United States District Court Judge

Dated:   May 20, 2024

Respectfully submitted,

*s/ Jessica G. Scott*
Jessica G. Scott
Wheeler Trigg O'Donnell LLP
370 Seventeen Street, Suite 4500
Denver, CO 80202
Telephone: 303.244.1800
Facsimile: 303.244.1879
Email: scott@wtotrial.com

Attorney for FedEx Ground Package Systems, Inc.

*s/ Matt Dunn*
Matt Dunn
Getman, Sweeney & Dunn, PLLC
260 Fair Street
Kingston, NY 12401
Telephone: 845.255.9370
Facsimile: 845.255.8649
Email: mdunn@getsmansweeney.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CURTIS HOLDER, DOMINICK DIAZ, and CINDY PEREZ, individually and on behalf of all other similarly situated persons,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>　　　　Defendant. | Case No. 7:23-CV-07483-CS |

**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

I, _____ being duly sworn, state that:

1. My address is _____.

2. I have carefully read and understood the provisions of the Stipulated Protective Order in this case signed by the Court, and I will comply with all provisions of the Stipulated Protective Order.

3. I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

4. I will limit use of Confidential Material disclosed to me solely for purpose of this action.

5. No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____          Signature: _____

                           Printed Name: _____