UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Curtis Holder, Dominick Diaz, and Jordan Rodriguez, individually and on behalf of all other similarly situated persons,**<br>                              **Plaintiffs,**<br><br>v.<br>**FedEx Ground Package System, Inc., MGS Ventures, Inc., and G-Team Delivery Services Corp.**<br>                              **Defendants.** | **Case No. 7:23-CV-07483-CS** |

### DECLARATION OF MATT DUNN

In accordance with the provisions of 28 U.S.C. § 1746, I, Matt Dunn, hereby make this declaration.

1. I am a partner in the firm of Getman, Sweeney & Dunn, PLLC (GSD) in Kingston, New York.

2. I am one of the lawyers primarily responsible for prosecuting the claims on behalf of the Plaintiffs Dominick Diaz and Jordan Rodriguez.

3. I make these statements based on personal knowledge.

4. Attached as Exhibit 1 is a true and accurate copy of the Parties' settlement agreement.

### GSD'S ATTORNEYS' FEES, COSTS, AND QUALIFICATIONS

5. During the litigation, GSD undertook the financial risk of an unsuccessful outcome. Under the terms of Plaintiffs' retainer agreement with co-counsel, and the terms of representation with GSD, had this case been unsuccessful, GSD would not have recovered any fees or costs. GSD stood to gain nothing in the event the case was unsuccessful and would have lost the firm's investment in the case.

1

6. Any lawyer who undertakes representation of employees must be prepared to make a tremendous investment of time, energy, and resources—even if the action might be lost.

7. Due to the contingent nature of the customary fee arrangement, Plaintiffs' Counsel made the investment of time, energy, and resources despite the very real possibility of an unsuccessful outcome (i.e., no fee or cost recovery expended during the litigation).

8. Small contingency-fee firms, such as GSD, must ensure enough staff and financial resources to litigate the case to conclusion. When taking a case, Plaintiffs' Counsel has little ability to foresee or control the length of time the case will take, or the amount of work that will be required.

9. Further, for small firms such as GSD, the high carrying costs of contingency-fee litigation mean that partners risk no pay, and the ongoing salaries and financial overhead are covered by the assumption of tremendous debt for which personal liability attaches to the ownership.

10. Plaintiffs' Counsel continues to take their obligations to their clients seriously despite, unfortunately, having suffered previous losses in wage-and-hour cases and having had judgments, both large and small, that had proven to be uncollectable.

**GSD's Qualifications**

11. GSD currently concentrates its practice on Fair Labor Standards Act (FLSA) and other wage theft related wage-and-hour litigation, though we have also handled a variety of other employment matters on behalf of employees. All of the firm's litigation is handled on a contingent basis. The firm is thus entirely dependent on attorneys' fees awarded in cases brought under fee-shifting statutes (FLSA, state wage-and-hour laws, etc.).

12. Currently, GSD is also litigating wage-and-hour collective and class actions in federal courts in Iowa, Michigan, Mississippi, New York, Ohio, Texas, and Wisconsin. GSD is also litigating over 100 individual arbitrations, and is litigating numerous New York State class actions.

13. GSD has litigated FLSA and other wage-and-hour collective and class actions on behalf of tens of thousands of class members across the country, including in Arizona, California, Colorado, Florida, Georgia, Illinois, Indiana, Iowa, Michigan, North Carolina, Ohio, South Carolina, Texas, Washington, Washington D.C., and West Virginia.

14. Courts throughout the country have recognized GSD's skill and experience in wage-and-hour litigation. *See, e.g.*, *In re litigation against Sitemetric, LLC*, AAA (Jan. 31, 2025) ("The work that Claimants' Counsel has performed in litigating and settling this case demonstrates its commitment to the Claimants and to representing the Claimant's interests."); *Petkovic v. Bloomberg L.P.*, 3:19 Civ. 09471 (D.N.J. July 9, 2024) ("So I do commend counsel's efforts, and your clients, obviously, in coming to this resolution."); *Amoko v. N&C, et al.*, 3:20 Civ. 04346-SAL, Dkt. 130 at 6 (D.S.C.) ("The court emphasizes the results obtained for Plaintiffs, the experience, reputation, and ability of the attorneys. . . ." finding that the "generous outcome results from the experience, reputation, and abilities of Plaintiffs' Counsel"); *Roseman v. Bloomberg L.P.*, 1:14 Civ. 02657 (DLC)(SDA) (S.D.N.Y. Oct. 15, 2018) ("The quality of representation for the class was excellent. It was a well litigated case and well-tried case at trial."); *Cilluffo v. Central Refrigerated Servs., Inc.*, 12 Civ. 00886-VAP-OPx, Dkt. 298, at 18-19 (C.D. Cal. April 3, 2018) ("The Court remains impressed by the result achieved in this case and the time and resources invested by [GSD]."); *Brumley v. Camin Cargo Control, Inc.*, 08 Civ. 1798 JLL, 2012 WL 1019337 (D.N.J. Mar. 26, 2012) ("Both this Court and other district courts around the country have recognized [GSD's] experience and skill in prosecuting wage-and-hour class litigation."); *Bredbenner v. Liberty Travel, Inc.*, Civ. A. Nos. 09–905 (MF), 09–1248(MF), 09–4587(MF), 2011 WL 1344745, at *7, *20 (D.N.J. April 8, 2011) (M.J. Falk) (finding Getman, Sweeney & Dunn highly experienced and competent in wage-and-hour litigation.); *Herrington v. Waterstone Mortg.*

*Corp.,* 3:11 Civ. 00779, ECF 157, at 5 (W.D. Wisc. Feb. 12, 2018) ("After many years of arbitration, plaintiffs' counsel obtained excellent results for the class."); *Herrington v. Waterstone Mortg. Corp.,* AAA No. 01 14 0000 4860 (July 5, 2017) (Pratt, Arb.) (former Second Circuit Judge George C. Pratt stating "[t]hroughout, [Getman, Sweeney & Dunn has] performed ably, efficiently, and ethically, displaying admirable expertise, professionalism, and diligence in representing their many clients."); *Murphy, et al., v. Northern Dutchess Paramedics,* 7:11 Civ. 05661-LMS, ECF No. 15 (S.D.N.Y. Aug. 15, 2014) (Smith, M.J.) ("Class Counsel [Getman & Sweeney] has extensive experience in litigating wage and hour collective and class actions. Numerous courts have recognized Class Counsel's extensive experience in successfully litigating wage and hour cases."); *Morangelli v. Chemed Corp.,* 275 F.R.D. 99, 119 (E.D.N.Y. 2011) (finding Getman & Sweeney to have "stellar" qualifications as class counsel in wage-and-hour class litigation); *Lewis v. Alert Ambulette Serv. Corp.,* 11 Civ. 442, 2012 WL 170049, at *15 (E.D.N.Y. Jan. 19, 2012) ("[Getman & Sweeney] has brought to bear its considerable experience in handling class actions, and other complex litigation, particularly claims of the type asserted in the present action"); *Thomas v. Kellogg Company*, 13 Civ. 5136 RBL, May 18, 2018, (US District Judge Ronald B. Leighton stating that "[y]ou guys . . . make my job enjoyable. They were tough issues. They were well-presented, articulated. You made me all proud to be a lawyer.").

### Qualifications of Matt Dunn

15.  I graduated from Lewis and Clark Law School (Portland, Oregon) and received my Juris Doctor in May 2003. I received a B.A. from Kalamazoo College (Kalamazoo, Michigan) in Economics in 1996 with a concentration in Environmental Studies.

16.  During law school, I served as an intern with Magistrate Judge Dennis J. Hubel in the District Court for the District of Oregon.

4

17. I was admitted to practice in all Oregon state courts in September 2003. I was admitted to practice in all New York state courts in June 2005 by the Supreme Court, Appellate Division, Third Judicial Department. I also am a member of the bars of the U.S. District Courts for the Southern, Eastern, and Northern Districts of New York, and of the Seventh Circuit Court of Appeals.

18. I began my legal career as an associate public defender with Multnomah Defenders, Inc., in Portland, Oregon, and I worked with that office from September 2003 until April 2005.

19. After moving to New York, I worked with Klein and Klein, Esqs., P.C., from November 2005 until September 2006 as an associate attorney. The firm focused on asset protection and assisting the elderly. I then joined the Ulster County Public Defender's office in December 2006 and continued to work as a part-time public defender until May 1, 2009.

20. As a public defender, I assisted hundreds of indigent clients in New York and Oregon State courts who were accused of committing misdemeanors or felonies. I have taken over 20 cases to trial.

21. I joined Getman & Sweeney, PLLC as an associate attorney in January 2007 and became a partner in January 2016. The firm changed its name to Getman, Sweeney & Dunn, PLLC.

22. Since joining the firm, I have handled a continuous caseload involving matters brought under the Fair Labor Standards Act, New York State Labor Laws, and other state labor laws. In addition to cases on behalf of individual plaintiffs, I am working, or have worked, on a variety of class and collective action cases including: *Greene v. Sitemetric, LLC,* 4:24 Civ. 2326 (S.D. Tex.); *London, et al., v. A-1 Quality Logistical Solutions, LLC, et al.,* 1:23 Civ. 107 (S.D. Ohio); *Coats v. Williams-Sonoma, Inc.*, 3:22 Civ. 19 (N.D. Miss.); *Jackson v. Mississippi Behavioral Health Services, LLC,* 3:22 Civ. 697 (S.D. Miss.); *Brant v. Schneider National, Inc.*, 21 Civ. 2122 ( E.D.

Wis.); *Ferguson v. Burton Claim Service, Inc.,* 3:21 Civ. 580 (D.S.C.); *Amoko v. N&C, et al.*, 3:20 Civ. 04346-SAL (D.S.C.); *Severino, et al. v. Avondale Care Group, LLC*, 21 Civ. 10720 (S.D.N.Y); *Hughes v. Bloomberg L.P.,* 3:19 Civ. 9471 (D.N.J.); *Johnson v. Waterstone Mortgage Corp.*, 2:19 Civ. 652 (E.D. Wisc.); *Thomas v. Kellogg Co.*, 3:13 Civ. 5136-RBL, Dkt. 556 (W.D. Wash.); *Castro v. C.R. England*, 5:18 Civ. 00655−CBM−JEM (C.D. Cal.); *Hegner v. Statewide Ambulette Serv., Inc.*, 7:13 Civ. 02655-CS (S.D.N.Y.); *Castro v. Swift Transp. Co.*, 2:16 Civ. 03232 (C.D. Cal.); *Herrington v. Waterstone Mortg. Corp.*, Case No. 51 160 393 12 (American Arbitration Association); *Flores v. Swift Transp. Co. et al.*, 2:14 Civ. 02900-ABC-E (C.D. Cal.); *Smith v. Alamo Claim Serv.,* 1:13 Civ. 01481 (C.D. Ill.); *Banales v. Autoclaims Direct, Inc.*, 11 Civ. 2914 (S.D. Cal.); *Habenicht v. Keycorp*, 1:11 Civ. 02619 (N.D. Ohio); *Allen v. SunTrust Bank*, 06 Civ. 3075 (RWS) (N.D. Ga. 2006); *Bredbenner, et al. v. Liberty Travel*, 2:09 Civ. 905 (WJM) (D.N.J.); *Brumley v. Camin Cargo Control, Inc.*, 08 Civ. 1798 (JLL) (D.N.J.); *Connell, et al., v. Liberty Travel, Inc., et al.*, 2:09 Civ. 01248 (WJM) (D. NJ); *English v. Ecolab, Inc.*, 06 Civ. 5672 (PAC) (S.D.N.Y.); *Gulino v. Symbol Tech., Inc.*, 06 Civ. 2810 (JG) (E.D.N.Y.); *Lovelace v. Wachovia Mortg. Corp., et al.*, 09 Civ. 00421 (JAB) (M.D.N.C.); *McKissick, et al. v. Corry Publ'g, et al.*, 1:08 Civ. 125 (W.D. Pa.); *Mendoza v. Hotel Chandler, LLC*, 09 Civ. 8029 (RMB) (S.D.N.Y.); *Moreno v. United States*, 05 Civ. 142C (Fed. Cl.); *Ostrowski v. Corry Publ'g, et al.*, 13050 Civ. 2008 (Court of Common Pleas, Erie County, Pennsylvania); *Porta v. United States*, 05 Civ. 14210 (Fed. Cl. 2005); and *Riddle v. SunTrust Bank*, 1:08 Civ. 1411 (RWS) (N.D. Ga. 2006). In addition, I have handled and led approximately 200 individual arbitrations.

23. I have also spoken at the American Bar Association's Section of Labor and Employment Law Federal Labor Standards Legislation Committee Midwinter Meeting and at National Employment Lawyers Association conferences.

**Qualifications of Victoria Morrell**

24.     Ms. Morrell graduated from City University of New York School of Law in 2021. While in law school, she worked as a legal intern serving low-income clients for nonprofit legal services groups including Northern Manhattan Improvement Corp., Housing Conservation Coordinators, The Legal Aid Society's Health Law Unit, and Mental Hygiene Legal Services. She participated in the City University School of Law's Health and Environmental Justice clinic through which she conducted extensive research into New York State's childhood lead poisoning prevention scheme with a particular focus on the State's Uniform Fire Prevention and Building Code in upstate rental communities. While in law school, Ms. Morrell was the recipient of the Justice and Auxiliary Summer Fellowship and the Public Interest Grant Fellowship.

25.     Before joining GSD in 2023, Ms. Morrell was an Assistant Deputy Public Defender with the New Jersey Office of the Public Defender's Division of Mental Health Advocacy in Newark, New Jersey. There she represented individuals, including minor children, in involuntary civil commitment hearings as well as individuals found not guilty by reason of insanity requiring Superior Court monitoring.

26.     As an associate attorney with GSD, Ms. Morrell is litigating class and collective actions on behalf of employees under the Fair Labor Standards Act, as well as the New York State labor law. Including this case, other pending FedEx state court class actions, she is also litigating *Cruz, et al., v. Ultimate Care, Inc.*, 22 Civ. 750 (E.D.N.Y).

27.     In 2021, Ms. Morrell was admitted to practice in the State of New Jersey; and in 2023 she was admitted to practice in the State of New York, and the Southern and Eastern Districts of New York. She is a member of the National Employment Lawyers Association.

**Qualifications of Other Current and Former GSD Staff Members**

28. Our firm currently employs five paralegals—Allison Barclay, Eve Bates, Anibal Garcia, Fernanda Mejia McKenzie, and James Sherwood. GSD's paralegals perform sophisticated case teamwork, as their knowledge of the facts is very detailed. Their work involves regular client communications, discovery production with clients, explaining complex case-related information, and performing document management and retrieval. This work requires complete familiarity with the parties' legal positions, procedural measures, and litigation posture. GSD paralegals are unique insofar as the firm exclusively hires highly educated individuals to perform the role—all at a far lower cost than could be done had the work been done by attorneys, even junior attorneys. Many of GSD's paralegals have post-graduate degrees.

29. Our firm also employs four data scientists (specialized paralegals)—Mike Russo, Jason Kandel, Bennett Washburn, and Scott Workman. Their work focuses on development of programming techniques utilizing languages such as Java, Python, SQL, and VBA, which are necessary to accommodate the millions of data points that are generated in GSD's cases. These advanced analytical techniques allow GSD to create the complex damage models, scour and clean data from seemingly incoherent sources, perform in-depth data driven forensic investigations, and create user friendly tools to explore data trends—which ensure that the clients receive fair and equitable recoveries. The data scientists have played a primary role in acquiring data and performing calculations in matters involving seven different trucking companies ranging from 100 to 20,000 employees.

30. For a fuller summary of the qualifications of GSD's attorneys, paralegals, and data scientists, please see the firm's website at: https://getmansweeney.com/our-team/.

31. It is GSD's routine practice to keep contemporaneous written records of the time we expend for each client, with a detailed description of the work performed each day. In documenting our time, we attempt to exercise billing judgment and only record time that would appropriately be billed to a paying client.

32. On behalf of Plaintiffs Diaz and Rodriguez, GSD has expended more than 70 hours litigating this case. I believe the total hours associated with litigating on behalf of Plaintiffs Dominick Diaz and Jordan Rodriguez are reasonable. The detailed billing records are attached as Exhibit 2. GSD keeps contemporaneous records of our time in 6-minute increments. Some of the records were modified for clarity, typos, or to remove confidential information. Following approval, Plaintiffs' Counsel will continue to perform work on this case through the final distribution of the Settlement.

33. GSD updates its hourly rates on a yearly basis, and for the purposes of this case we applied our hourly billing rates for 2024, and the number of hours billed per person are shown below.

| Name | Position | Hours | 2024 Rate | Lodestar |
|---|---|---|---|---|
| Allison Barclay | Paralegal | 3.5 | $280.00 | $    980.00 |
| Anibal Garcia | Paralegal | 0.6 | $280.00 | $    168.00 |
| James Sherwood | Paralegal | 7.1 | $280.00 | $ 1,988.00 |
| Matt Dunn | Partner | 14.5 | $975.00 | $14,137.50 |
| Scott Workman | Data Scientist | 8.3 | $335.00 | $ 2,780.50 |
| Victoria Morrell | Associate Attorney | 35.8 | $475.00 | $17,005.00 |
| **Total** | | **69.80** | | **$37,059.00** |

34. As of March 28, 2025, GSD's lodestar associated with Plaintiffs Diaz and Rodriguez totals at least $37,000 at GSD's 2024 regular rates. However, additional time has been excluded, which is not insignificant and includes work to bring the settlement to a conclusion. In addition, Plaintiffs' Counsel excluded work performed by co-counsel, John DeGasperis.[1] And Plaintiff's Counsel has

---

[1] John DeGasperis joined as co-counsel with the firm Basch & Keegan, LLP. Mr. DeGasperis has since opened his own law firm and has stayed on the FedEx litigation in that capacity.

excluded any work to bring the case to a conclusion after the Court after filing the motion for settlement approval.

35. GSD's rates have been repeatedly approved by the courts around the country on a lodestar crosscheck analysis. *See, e.g.*, *In re litigation against Sitemetric, LLC,*, AAA (Jan. 31, 2025) (order approving fees in the amount of one-third of the settlement); *Petkovic v. Bloomberg L.P.,* 3:19 Civ. 09471, Dkt. 212 (D.N.J. July 10, 2024) (approving fees in the amount of 33% of the settlement); *Elmy v. W. Express, Inc.*, 3:17 Civ. 01199 (M.D. Tenn. Aug. 29, 2022); *Martinez v. Bloomberg,* 17 Civ. 0455, Dkt. 96 (S.D.N.Y. Feb. 2, 2020); *Brumley v. Camin Cargo Controls, Inc.*, 2:08 Civ. 01798-JLL-MAH, Dkt. 234 (D.N.J. Mar. 26, 2012); *Moreno v. U.S.*, 05 Civ. 142C (Federal Court of Claims Oct. 7, 2010); *Martinez-Hernandez v. Butterball*, 5-07 Civ. 00174-H (E.D.N.C. 2012); *Salazar-Martinez v. Fowler Bros. Farm*, 6:10 Civ. 06257 (W.D.N.Y. 2012). Rates were also approved as lodestar crosschecks in *Roseman v. Bloomberg L.P.*, 14 Civ. 02657, Dkt. 540 (S.D.N.Y. Oct. 16, 2018); *Murphy v. Northern Dutchess Paramedics,* 11 Civ. 5661 (S.D.N.Y. Aug. 15, 2014); *Clark v. Ecolab, Inc.*, 1:07 Civ. 08623-PAC, Dkt. 105 (S.D.N.Y May 11, 2010); *Young v. Cooper Cameron*, 04 Civ. 5968 (S.D.N.Y. Mar. 30, 2009); *Ayers, et al. v. SGS, et al.*, 03 Civ 9078 (S.D.N.Y. Sept. 9, 2008); *Bredbenner v. Liberty Travel, Inc.*, 09 Civ. 1248 MF, 2011 WL 1344745, at *22 (D.N.J. Apr. 8, 2011). *See also Driscoll v. The George Washington University*, 1:12 Civ. 00690-ESH, Dkt. 98, p. 23 (D.D.C. July 17, 2014) (approving GSD rates based on the Laffey Matrix); *Morangelli v. Roto-Rooter Services Com.*, 1:10 Civ. 00876-BMC, Dkt. 292, p. 9 (E.D.N.Y. Jan. 7, 2014) (awarding counsel fee request based on the percentage of the fund method).

36. In addition, Plaintiffs' Counsel have incurred costs, which includes legal research, mailings, copies, and $400 for filing an arbitration demand for Mr. Diaz. However, Plaintiffs

10

Counsel does not include all of those costs given the fee request is significantly discounted to reach a settlement.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 2, 2025 　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Matt Dunn*
　　　　　　　　　　　　　　　　　　　　Matt Dunn
　　　　　　　　　　　　　　　　　　　　**GETMAN, SWEENEY & DUNN, PLLC**
　　　　　　　　　　　　　　　　　　　　260 Fair Street
　　　　　　　　　　　　　　　　　　　　Kingston, New York 12401
　　　　　　　　　　　　　　　　　　　　Telephone: (845) 255-9370
　　　　　　　　　　　　　　　　　　　　Fax: (845) 255-8649
　　　　　　　　　　　　　　　　　　　　mdunn@getmansweeney.com